**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No: 08-CR-20241-2

MARY MITCHELL

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION FOR DISCLOSURE OF BRADY MATERIALS**

Defendant Mary Mitchell has filed the above-captioned motion but has failed to indicate whether or not the contemplated relief would be agreed to by the Government.

Eastern District of Michigan Local Rule 7.1(a) states as follows:

(1) The movant must ascertain whether the contemplated motion will be opposed. If the movant obtains concurrence, the parties may make the subject matter of the contemplated motion a matter of record by stipulated order.

(2) If concurrence is not obtained, the motion must state:

    (A) there was a conference between the attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought; or

    (B) despite reasonable efforts specified in the motion, the movant was unable to conduct a conference.

(3) The court may tax costs for unreasonable withholding of consent.

The Rule plainly requires that the movant make clear that it has conducted the required pre-filing conference in which the nature of the contemplated motion was explained or, in the alternative, what unsuccessful efforts were made to engage in such a conference.

No exception is made for criminal cases. If the Government were to agree, the motion would be mooted. The court discourages motion practice that may be unnecessary and wasteful of court and attorney time. Accordingly,

IT IS ORDERED that Defendant's Motion for Disclosure of Brady Materials [Dkt. # 38] is DENIED WITHOUT PREJUDICE.[1]


        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: August 6, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2008, by electronic and/or ordinary mail.

        s/Lisa G. Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522

---

[1] The court notes that, according to *Brady v. Maryland*, 373 U.S. 83 (1963), the Government has a Constitutional on-going responsibility to disclose any evidence that may be favorable to the defense. Because that responsibility does not require or depend upon a motion or a court order, the court is inclined to find that this type of motion is unnecessary.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-20241.MITCHELL.Brady.NoConcurrence.Denied.wpd
2